# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 0764 | **DATE** | 4/18/2000 |
| **CASE TITLE** | Reg G. Garratt vs. James E. Knowles, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the Plaintiff's Motion to Remand is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| X | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | APR 2 0 2000 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 12 |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| MEA (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

APR 2 0 2000

| | | |
|---|---|---|
| REG G. GARRATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 0764 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| JAMES E. KNOWLES, NANCY | ) | |
| KNOWLES, CHARLES L. KNOWLES, | ) | |
| KATHERINE KNOWLES STRASBURG, | ) | |
| MARGARET KNOWLES SCHINK, E. | ) | |
| LAWRENCE KEYES, R. EUGENE | ) | |
| GOODSON, DEFREES & FISK, and JOHN | ) | |
| W. HUPP, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff Reg G. Garratt's ("plaintiff" or "Garratt") motion to remand his

three count complaint against the defendants James E. Knowles, Nancy Knowles, Charles L.

Knowles, Katherine Knowles Strasburg, Margaret Knowles Schink, E. Lawrence Keyes, R. Eugene

Goodson, Defrees & Fisk, and John W. Hupp (collectively, "the defendants"). For the following

reasons, the plaintiff's motion is DENIED.

### Background

This case involves the determination of whether a particular Supplemental Executive

Retirement Plan is exempt from the Employee Retirement Income Security Act of 1974 ("ERISA").

The case began when the plaintiff filed a three count complaint in the Circuit Court of Cook County,

alleging (1) tortious interference with a prospective economic advantage; (2) civil conspiracy; and

1

(3) unjust enrichment. The plaintiff alleges that the defendants' wrongful conduct deprived him of receiving full benefits from an unfunded Supplemental Executive Retirement Plan ("SERP") while the plaintiff was the Chief Executive Officer and Chairman of the Board of Knowles Electronics, Inc. ("Knowles"). The defendants filed a notice of removal, and the case was removed to this federal court.

The plaintiff has filed a motion to remand. The plaintiff argues that the SERP is exempt from Section 502 of ERISA, codified at 29 U.S.C. § 1132, for the SERP is an excess benefit plan and is unfunded, as defined by 29 U.S.C. § 1003(b)(5) and 29 U.S.C. § 1002(36). (Pl's Mem. of Law, p. 3). In particular, the plaintiff cites several sections of the SERP, such as the second sentence of the document, which states:

> The Plan is established and maintained by Knowles Electronics, Inc. solely for the purpose of providing benefits for certain of its salaried employees and those of its affiliates who participate in the Knowles Electronics, Inc. Pension Plan in excess of the limitation imposed by the Internal Revenue Code on the benefits available under the Knowles Electronics, Inc. Pension Plan.
> (Pl's Ex. A).

Therefore, the plaintiff argues, the SERP was specifically drafted to be exempt from the enforcement provisions of ERISA and thus state law is not preempted.

In response, the defendants argue that the SERP is not an excess benefit plan, but a "top hat" plan that is not exempt from ERISA. In particular, the defendants argue that an excess benefit plan is a plan created solely for the purpose of providing benefits in excess of the limitations imposed by Section 415 of the Internal Revenue Code, and not limitations imposed by any other section of the Internal Revenue Code. (Dfts' Joint Resp., pp. 2-3). Looking at the same sections of the SERP, the defendants argue that the SERP has other purposes unrelated to Section 415, and in fact never

mentions Section 415, and therefore does not meet the definition of an excess benefit plan. (Dfts'

Joint Resp., p. 3).

## Analysis

ERISA defines particular plans that are exempt from its coverage:

The provisions of this subchapter shall not apply to any employer benefit plan if– . . . (5) such plan in an excess benefit plan (as defined in Section 1002(36) of this title) and is unfunded.
29 U.S.C. § 1003(b)(5).

ERISA defines "excess benefit plan" as the following:

The term "excess benefit plan" means a plan maintained by an employer solely for the purpose of providing benefits for certain employees in excess of the limitations on benefits imposed by section 415 of Title 26 on plans to which the section applies, without regard to whether the plan is funded. . . .
29 U.S.C. § 2001(36).

The question in the present motion is whether the SERP is an excess benefit plan and thus

exempt from ERISA.[1] The Seventh Circuit recently addressed this question in Olander v. Bucyrus-

Erie Company, 187 F.3d 599 (7th Cir. 1999). In Olander, Bucyrus-Erie argued that the supplemental

plan in question was a "top hat" plan, i.e. an unfunded plan the employer maintained "primarily for

the purpose of providing deferred compensation to a select group of management or highly

compensated employees." 187 F.3d at 604, quoting 29 U.S.C. §§ 1051(2), 1081(3), and 1101(a).

Therefore, it is subject to ERISA's enforcement provision even if it is excepted from ERISA's

vesting, participation, funding, and fiduciary rules. Id. In response, Olander argued that the

supplemental plan was an "excess benefit plan" as defined by 29 U.S.C. § 1002(36), and thus ERISA

---

[1] The SERP plan explicitly states, and the parties do not contest, that the SERP is unfunded. (Pl's Ex. A, § 7.1.).

would not preempt the application of state law to the plan. The Seventh Circuit upheld the magistrate judge's holdings and found that an excess benefit plan is one maintained solely in order to avoid the contribution and benefits limits imposed by Section 415 of the Internal Revenue Code. However, the supplemental plan in that case was not maintained solely to avoid Section 415 limits. To support its finding, the Seventh Circuit looked to the magistrate's finding that the supplemental plan specifically stated other purposes besides avoiding Section 415 limits. 187 F.3d at 604.

In the present case, the purpose of the SERP is even broader than the purposes in the supplemental plan in question in the <u>Olander</u> case. Here, the SERP states in its second sentence that its purpose is to provide benefits in excess of "the limitations imposed by the Internal Revenue Code," not even mentioning Section 415 in particular. In Article 2 of the SERP, it also states that the benefits of the SERP are to replace the amount "reduced by reason of the application of the limitations on benefits imposed by *any* provisions of the Code . . ." (Pl's Ex. A, Art. 2, emphasis added). The plain language of the SERP shows that the purpose of the plan is much broader than to just avoid Section 415 limitations.

The plaintiff cites <u>Petkus v. Chicago Rawhide Manufacturing Company</u>, 763 F.Supp. 357 (N.D.Ill. 1991) and <u>Gamble v. Group Hospitalization & Medical Services, Inc.</u>, 38 F.3d 126 (4th Cir. 1994), where those courts found the supplemental plans exempt from ERISA. However, in each of those cases, the plan in question specifically stated that the purposes of the plan was to avoid the limitations of Section 415 of the Internal Revenue Code. <u>Gamble</u>, 38 F.3d at 129; <u>Petkus</u>, 763 F.Supp. at 359. Granted, in <u>Petkus</u>, the plan in question mentioned both Sections 415 and 401(a)(17) of the Internal Revenue Code. However, the district court cited the second half of 29 U.S.C. § 1002(36) that states that:

To the extent that a separable part of a plan . . . maintained by an employer is maintained for such a purpose, that part shall be treated as a separate plan which is an excess benefit plan.

Thus, the district court treated the plan as two separate plans: one that focused on Section 415, and one that focused on Section 401(a)(17). 763 F.Supp. at 359-60. In the present case, because the plan does not enumerate specific sections of the code, it is not possible for the court to treat the plan as separate plans for Section 415. Also, as the Seventh Circuit has stated, "We read the statutory test for whether a plan is an excess benefit plan as turning on the purposes of the plan in general rather than on the specific way the plan applies to a party . . ." Olander, 187 F.3d at 604.

Since the SERP does not meet the definition of an "excess benefit plan" as stated in 29 U.S.C. § 1002(36), the SERP does not fall under the exemption to ERISA as defined in 29 U.S.C. § 1003(b)(5). Therefore, ERISA applies and state law is preempted. The plaintiff's motion to remand to state court is DENIED.

Enter:

David H. Coar
United States District Judge

Dated: